**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4771**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SONYA CHARISSE DOUGLAS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:07-cr-00073-RJC-1)

Submitted: March 23, 2009          Decided: April 14, 2009

Before NIEMEYER, MOTZ, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Ann L. Hester, Cecilia Oseguera, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina; Kenneth Michel Smith, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sonya Charisse Douglas pleaded guilty to making false statements in violation of 18 U.S.C. § 1001(1)(2) (2006). Douglas was sentenced to five months' imprisonment and now appeals. Her attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging Douglas' sentence, but stating that there are no meritorious issues for appeal. Douglas was informed of her right to file a pro se supplemental brief but did not do so. We affirm.

In the Anders brief, counsel questions whether Douglas' sentence is procedurally and substantively unreasonable. Appellate courts review a sentence imposed by a district court for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007); United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The court must:

> first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, . . . or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range."

Gall, 128 S. Ct. at 597. If there are no procedural errors in the sentencing, the appellate court then considers the substantive reasonableness of the sentence. Id. "Substantive

2

reasonableness review entails taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" Pauley, 511 F.3d at 473 (quoting Gall, 128 S. Ct. at 597). If a sentence is within the Guidelines range, an appellate court may presume that the sentence is reasonable. Id.

We have reviewed the record and conclude that the district court committed no error in sentencing Douglas. The court properly calculated the Guidelines range, considered the § 3553(a) factors, and adequately explained the chosen sentence. Furthermore, we conclude that Douglas' within-Guidelines sentence also is substantively reasonable.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. We therefore affirm Douglas' conviction and sentence. This court requires that counsel inform Douglas, in writing, of the right to petition the Supreme Court of the United States for further review. If Douglas requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Douglas.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

3

before the court and argument would not aid the decisional process.

AFFIRMED